FILED 

MAR 27 2018

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

**United States of America**
          **[Plaintiff - Appellee]**

v.

**Victor M. Crown, et al**
          **[Defendant - Appellant]**

**Case 1:14-cv-05402**
**Judicial Notice –Supreme Court**
**FRCP 12 (c) – judgment**
**Circuit Rule 28 (f) - citations**
**USA v. Clarke – No. 13-301**
**USA v. Whiting Pools – 462 US 198**

## MOTION FOR JUDGMENT ON THE PLEADINGS [FRCP 12 (c)(f)(g) – 49 CFR 821.17

Now comes Victor M. Crown, pro se, as provided under the order to show cause entered by 7th Circuit Court of Appeals on 3-23-2018, herewith affirming:

The defendant [Victor M. Crown, pro se] has the legal standing to bring this motion pursuant to show cause order certified by 7th Circuit on **3-26-2018** requesting a legal response by **4-6-2018**. This responsive motion is then timely filed under FRCP 12 (c) – judgment on the pleadings.

On 7-16-2014, the United States of America filed a complaint for permanent injunction and other relief against defendant [Case 1:14-cv-05402 NDIL] which was authorized by the Chief Counsel of the Internal Revenue Service [IRS] and applied to IRC 7401, 7402, 7407 and 7408.

On 7-21-2014, the US Supreme Court entered a legal judgment in **United States v. Clarke – No. 13-301**] which stated that an affected taxpayer can challenge an IRS summons in federal district court and was/is then allowed to basically establish [prove up] "bad faith" by the Internal Revenue Service [IRS].  The written decision [published online] in case by **Supreme Court Justice Elena Kagan** stated that a judicial proceeding to challenge an IRS summons after **7-21-2014** [date of judgment] was to be conducted in an ***adversarial manner*** and not **EX PARTE**.

On 8-11-2014, US Department of Justice [Atty. Olivia Hussey-Scott] then brought an illegal EX PARTE motion on behalf of Internal Revenue Service [IRS] requesting issuance of a summons to compel defendant [Victor M. Crown] to answer questions relating to tax preparation. The EX

PARTE legal motion was not in conformity or in full legal accord with US Supreme Court decision in United States v. Clarke – No. 13-301 and written decision by Supreme Court Justice Elena Kagan ruled that a legal proceeding to challenge an IRS summons was to be conducted in an adversarial way, and not EX PARTE or in accord with **United States v. Whiting Pools, inc. [462 US 198 – decided 6-8-1983]** mandating return of property by Internal Revenue Service.

On 9-29-2014, District Judge James Zagel granted government's [DOJ] EX PARTE motion for issuance of a summons after DOJ failed to comply with 7-21-14 judgment of the Supreme Court

On 12-16-2014, the [**illegal**] summons was returned [executed] by United States.  The district court is advised that [illegal] summons included fraudulent [false] dates on RETURN OF SERVICE and PROOF OF SERVICE and was filed after EX PARTE hearing involving Department of Justice.

THEREFORE, Victor M. Crown, pro se, herewith now asks District Court to take mandatory Judicial Notice of US Supreme Court decision in **USA v. Clarke** and enter order to  strike a legal motion filed 8-11-14 and the docket entry of 9-29-14 and affirm legal doctrine of ***stare decisis***. The dismissal of this case is also under FRCP 41[b] because of a failure to prosecute or to comply with Rules or an order of court – and intentional failure to prosecute against the filing of illegal EX PARTE motion on 8-11-14 or litigate in favor of adversarial hearing – which allows defendant to establish rule violations and "bad faith" in case and depose IRS employees **[Miller][Henline], IDOR** and any other person who violated federal protective order filed on 7-20-15, an "automatic stay" entered for Lourdes Theodossis Estate on 1-9-17, "filing bar" against defendant in Shakman case from 5-26-09; and an order from District Court for immediate corrective action on tax liens under **IRM 5.9.5.9.1 (08-17-16)** by **3-29-18** by IRS [Chicago office] and compliance with federal mandates by State of Illinois [Comptroller] on 3-30-18 at 10:00am

Victor M. Crown
5962 N. Lincoln Avenue – LL3
Chicago, Illinois 60659-3711

(773) 691-5978

Syllabus

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.*, 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## UNITED STATES *v.* CLARKE ET AL.

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

No. 13–301.  Argued April 23, 2014—Decided June 19, 2014

The Internal Revenue Service (IRS) issued summonses to respondents for information and records relevant to the tax obligations of Dynamo Holdings L. P.  See 26 U. S. C. §7602(a).  When respondents failed to comply, the IRS brought an enforcement action in District Court. Respondents challenged the IRS's motives in issuing the summonses, seeking to question the responsible agents.  The District Court denied the request and ordered the summonses enforced, characterizing respondents' arguments as conjecture and incorrect as a matter of law. The Eleventh Circuit reversed, holding that the District Court's refusal to allow respondents to examine the agents constituted an abuse of discretion, and that Circuit precedent entitled them to conduct such questioning regardless of whether they had presented any factual support for their claims.

*Held*: A taxpayer has a right to conduct an examination of IRS officials regarding their reasons for issuing a summons when he points to specific facts or circumstances plausibly raising an inference of bad faith. Pp. 5–9.

(a) A person receiving a summons is entitled to contest it in an adversarial enforcement proceeding.  *Donaldson* v. *United States*, 400 U. S. 517, 524.  But these proceedings are "summary in nature," *United States* v. *Stuart*, 489 U. S. 353, 369, and the only relevant question is whether the summons was issued in good faith, *United States* v. *Powell*, 379 U. S. 48, 56.  The balance struck in this Court's prior cases supports a requirement that a summons objector offer not just naked allegations, but some credible evidence to support his claim of improper motive.  Circumstantial evidence can suffice to meet that burden, and a fleshed out case is not demanded: The taxpayer need only present a plausible basis for his charge.  Pp. 5–7.

Syllabus

(b) Here, however, the Eleventh Circuit applied a categorical rule demanding the examination of IRS agents without assessing the plausibility of the respondents' submissions. On remand, the Court of Appeals must consider those submissions in light of the standard set forth here, giving appropriate deference to the District Court's ruling on whether respondents have shown enough to entitle them to examine the agents. However, that ruling is entitled to deference only if it was based on the correct legal standard. See *Fox* v. *Vice*, 563 U. S. ___, ___. And the District Court's latitude does not extend to legal issues about what counts as an illicit motive. Cf. *Koon* v. *United States*, 518 U. S. 81, 100. Pp. 7–9.

517 Fed. Appx. 689, vacated and remanded.

KAGAN, J., delivered the opinion for a unanimous Court.

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

No. 13–301

UNITED STATES, PETITIONER v. MICHAEL
CLARKE ET AL.

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF
APPEALS FOR THE ELEVENTH CIRCUIT

[June 19, 2014]

JUSTICE KAGAN delivered the opinion of the Court.

The Internal Revenue Service (IRS or Service) has broad statutory authority to summon a taxpayer to produce documents or give testimony relevant to determining tax liability. If the taxpayer fails to comply, the IRS may petition a federal district court to enforce the summons. In an enforcement proceeding, the IRS must show that it issued the summons in good faith.

This case requires us to consider when a taxpayer, as part of such a proceeding, has a right to question IRS officials about their reasons for issuing a summons. We hold, contrary to the Court of Appeals below, that a bare allegation of improper purpose does not entitle a taxpayer to examine IRS officials. Rather, the taxpayer has a right to conduct that examination when he points to specific facts or circumstances plausibly raising an inference of bad faith.

I

Congress has "authorized and required" the IRS "to make the inquiries, determinations, and assessments of all taxes" the Internal Revenue Code imposes. 26 U. S. C.

§6201(a). And in support of that authority, Congress has granted the Service broad latitude to issue summonses "[f]or the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax . . . , or collecting any such liability." §7602(a). Such a summons directs a taxpayer (or associated person[1]) to appear before an IRS official and to provide sworn testimony or produce "books, papers, records, or other data . . . relevant or material to [a tax] inquiry." §7602(a)(1).

If a taxpayer does not comply with a summons, the IRS may bring an enforcement action in district court. See §§7402(b), 7604(a). In that proceeding, we have held, the IRS "need only demonstrate good faith in issuing the summons." *United States* v. *Stuart,* 489 U. S. 353, 359 (1989). More specifically, that means establishing what have become known as the *Powell* factors: "that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the [IRS's] possession, and that the administrative steps required by the [Internal Revenue] Code have been followed." *United States* v. *Powell,* 379 U. S. 48, 57–58 (1964). To make that showing, the IRS usually files an affidavit from the responsible investigating agent. See *Stuart,* 489 U. S., at 360. The taxpayer, however, has an opportunity to challenge that affidavit, and to urge the court to quash the summons "on any appropriate ground"—including, as relevant here, improper purpose. See *Reisman* v. *Caplin,* 375 U. S. 440, 449 (1964).

---

[1] The IRS has authority to summon not only "the person liable for tax," but also "any officer or employee of such person," any person having custody of relevant "books of account," and "any other person the [IRS] may deem proper." 26 U. S. C. §7602(a)(2). For convenience, this opinion refers only to the "taxpayer."

The summons dispute in this case arose from an IRS examination of the tax returns of Dynamo Holdings Limited Partnership (Dynamo) for the 2005–2007 tax years. The IRS harbored suspicions about large interest expenses that those returns had reported.  As its investigation proceeded, the Service persuaded Dynamo to agree to two year-long extensions of the usual 3-year limitations period for assessing tax liability; in 2010, with that period again drawing to a close, Dynamo refused to grant the IRS a third extension.  Shortly thereafter, in September and October 2010, the IRS issued summonses to the respondents here, four individuals associated with Dynamo whom the Service believed had information and records relevant to Dynamo's tax obligations.  None of the respondents complied with those summonses.  In December 2010 (still within the augmented limitations period), the IRS issued a Final Partnership Administrative Adjustment proposing changes to Dynamo's returns that would result in greater tax liability.  Dynamo responded in February 2011 by filing suit in the United States Tax Court to challenge the adjustments.  That litigation remains pending.  A few months later, in April 2011, the IRS instituted proceedings in District Court to compel the respondents to comply with the summonses they had gotten.

Those enforcement proceedings developed into a dispute about the IRS's reasons for issuing the summonses.  The IRS submitted an investigating agent's affidavit attesting to the *Powell* factors; among other things, that declaration maintained that the testimony and records sought were necessary to "properly investigate the correctness of [Dynamo's] federal tax reporting" and that the summonses were "not issued to harass or for any other improper purpose."  App. 26, 34.  In reply, the respondents pointed to circumstantial evidence that, in their view, suggested "ulterior motive[s]" of two different kinds.  App. to Pet. for Cert. 72a.  First, the respondents asserted that the IRS

issued the summonses to "punish[] [Dynamo] for refusing
to agree to a further extension of the applicable statute of
limitations." App. 52. More particularly, they stated in
sworn declarations that immediately after Dynamo de-
clined to grant a third extension of time, the IRS, "despite
having not asked for additional information for some time,
. . . suddenly issued" the summonses. *Id.,* at 95. Second,
the respondents averred that the IRS decided to *enforce*
the summonses, subsequent to Dynamo's filing suit in Tax
Court, to "evad[e] the Tax Court['s] limitations on discov-
ery" and thus gain an unfair advantage in that litigation.
*Id.,* at 53. In support of that charge, the respondents
submitted an affidavit from the attorney of another Dy-
namo associate, who had chosen to comply with a sum-
mons issued at the same time. The attorney reported that
only the IRS attorneys handling the Tax Court case, and
not the original investigating agents, were present at the
interview of his client. In light of those submissions, the
respondents asked for an opportunity to question the
agents about their motives.

   The District Court denied that request and ordered the
respondents to comply with the summonses. According to
the court, the respondents "ha[d] made no meaningful
allegations of improper purpose" warranting examination
of IRS agents. App. to Pet. for Cert. 18a. The court char-
acterized the respondents' statute-of-limitations theory as
"mere conjecture." *Id.,* at 14a. And it ruled that the re-
spondents' evasion-of-discovery-limits claim was "incorrect
as a matter of law" because "[t]he validity of a summons is
tested as of the date of issuance," not enforcement—and
the Tax Court proceedings had not yet begun when the
IRS issued the summonses. *Id.,* at 15a.

   The Court of Appeals for the Eleventh Circuit reversed,
holding that the District Court's refusal to allow the re-
spondents to examine IRS agents constituted an abuse of
discretion. In support of that ruling, the Court of Appeals

cited binding Circuit precedent holding that a simple "allegation of improper purpose," even if lacking any "factual support," entitles a taxpayer to "question IRS officials concerning the Service's reasons for issuing the summons." 517 Fed. Appx. 689, 691 (2013) (quoting *United States* v. *Southeast First Nat. Bank of Miami Springs*, 655 F. 2d 661, 667 (CA5 1981)); see *Nero Trading, LLC* v. *United States Dept. of Treasury*, 570 F. 3d 1244, 1249 (CA11 2009) (reaffirming *Southeast*).

Every other Court of Appeals has rejected the Eleventh Circuit's view that a bare allegation of improper motive entitles a person objecting to an IRS summons to examine the responsible officials.[2] We granted certiorari to resolve that conflict, 571 U. S. \_\_ (2014), and we now vacate the Eleventh Circuit's opinion.

## II

A person receiving an IRS summons is, as we have often held, entitled to contest it in an enforcement proceeding. See *United States* v. *Bisceglia*, 420 U. S. 141, 146 (1975); *Powell*, 379 U. S., at 57–58; *Reisman*, 375 U. S., at 449. The power "vested in tax collectors may be abused, as all power" may be abused. *Bisceglia*, 420 U. S., at 146. In recognition of that possibility, Congress made enforcement of an IRS summons contingent on a court's approval. See 26 U. S. C. §7604(b). And we have time and again stated that the requisite judicial proceeding is not *ex parte* but

---

[2] See, *e.g.*, *Sugarloaf Funding, LLC* v. *United States Dept. of Treasury*, 584 F. 3d 340, 350–351 (CA1 2009) (requiring "a sufficient threshold showing that there was an improper purpose"); *Fortney* v. *United States*, 59 F. 3d 117, 121 (CA9 1995) (requiring "some minimal amount of evidence" beyond "mere memoranda of law or allegations" (internal quotations and alterations omitted)); *United States* v. *Kis*, 658 F. 2d 526, 540 (CA7 1981) (requiring "develop[ment] [of] facts from which a court might infer a possibility of some wrongful conduct"); *United States* v. *Garden State Nat. Bank*, 607 F. 2d 61, 71 (CA3 1979) (requiring "factual[] support[] by the taxpayer's affidavits").

adversarial. See *Donaldson* v. *United States*, 400 U. S. 517, 527 (1971); *Powell*, 379 U. S., at 58; *Reisman*, 375 U. S., at 446. The summoned party must receive notice, and may present argument and evidence on all matters bearing on a summons's validity. See *Powell*, 379 U. S., at 58.

Yet we have also emphasized that summons enforcement proceedings are to be "summary in nature." *Stuart*, 489 U. S., at 369. The purpose of a summons is "not to accuse," much less to adjudicate, but only "to inquire." *Bisceglia*, 420 U. S., at 146. And such an investigatory tool, we have recognized, is a crucial backstop in a tax system based on self-reporting. See *ibid.* (restricting summons authority would enable "dishonest persons [to] escap[e] taxation[,] thus shifting heavier burdens to honest taxpayers"). Accordingly, we long ago held that courts may ask only whether the IRS issued a summons in good faith, and must eschew any broader role of "oversee[ing] the [IRS's] determinations to investigate." *Powell*, 379 U. S., at 56. So too, we stated that absent contrary evidence, the IRS can satisfy that standard by submitting a simple affidavit from the investigating agent. See *Stuart*, 489 U. S., at 359–360. Thus, we have rejected rules that would "thwart and defeat the [Service's] appropriate investigatory powers." *Donaldson*, 400 U. S., at 533.

The balance we have struck in prior cases comports with the following rule, applicable here: As part of the adversarial process concerning a summons's validity, the taxpayer is entitled to examine an IRS agent when he can point to specific facts or circumstances plausibly raising an inference of bad faith. Naked allegations of improper purpose are not enough: The taxpayer must offer some credible evidence supporting his charge. But circumstantial evidence can suffice to meet that burden; after all, direct evidence of another person's bad faith, at this threshold stage, will rarely if ever be available. And

although bare assertion or conjecture is not enough, nei-
ther is a fleshed out case demanded: The taxpayer need
only make a showing of facts that give rise to a plausible
inference of improper motive. That standard will ensure
inquiry where the facts and circumstances make inquiry
appropriate, without turning every summons dispute into
a fishing expedition for official wrongdoing. And the rule
is little different from the one that *both* the respondents
and the Government have recommended to us.[3]

But that is not the standard the Eleventh Circuit ap-
plied. Although the respondents gamely try to put an-
other face on the opinion below, see Brief for Respondents
24–25, and n. 17, we have no doubt that the Court of Appeals
viewed even bare allegations of improper purpose as enti-
tling a summons objector to question IRS agents. The
court in fact had some evidence before it pertaining to the
respondents' charges: The respondents, for example, had
submitted one declaration relating the timing of the sum-
monses to Dynamo's refusal to extend the limitations
period, see App. 95, and another aiming to show that the
IRS was using the summonses to obtain discovery it could
not get in Tax Court, see *id.,* at 97–100. But the Eleventh
Circuit never assessed whether those (or any other) mate-
rials plausibly supported an inference of improper motive;
indeed, the court never mentioned the proffered evidence
at all. Instead, and in line with Circuit precedent, the
court applied a categorical rule, demanding the examina-
tion of IRS agents even when a taxpayer made only con-
clusory allegations. See *supra,* at 4. That was error. On
remand, the Court of Appeals must consider the respond-

---

[3]See Tr. of Oral Arg. 29 (respondents) (The taxpayer is entitled to
question the agent "when he presents specific facts from which an
improper purpose . . . may plausibly be inferred"); *id.,* at 5 (United
States) ("[A] summons opponent has to put in enough evidence to at
least raise an inference" of improper motive, and "[c]ircumstantial
evidence is enough").

ents' submissions in light of the standard we have stated.

That consideration must as well give appropriate deference to the District Court's ruling. An appellate court, as the Eleventh Circuit noted, reviews for abuse of discretion a trial court's decision to order—or not—the questioning of IRS agents. See 517 Fed. Appx., at 691, n. 2; *Tiffany Fine Arts, Inc.* v. *United States*, 469 U. S. 310, 324, n. 7 (1985). That standard of review reflects the district court's superior familiarity with, and understanding of, the dispute; and it comports with the way appellate courts review related matters of case management, discovery, and trial practice. See, *e.g., Hoffmann-La Roche Inc.* v. *Sperling*, 493 U. S. 165, 172–173 (1989); *Crawford-El* v. *Britton*, 523 U. S. 574, 599–601 (1998). Accordingly, the Court of Appeals must take into account on remand the District Court's broad discretion to determine whether a taxpayer has shown enough to require the examination of IRS investigators.

But two caveats to that instruction are in order here. First, the District Court's decision is entitled to deference only if based on the correct legal standard. See *Fox* v. *Vice*, 563 U. S. ___, ___ (2011) (slip op., at 11) ("A trial court has wide discretion when, but only when, it calls the game by the right rules"). We leave to the Court of Appeals the task of deciding whether the District Court asked and answered the relevant question—once again, whether the respondents pointed to specific facts or circumstances plausibly raising an inference of improper motive.

And second, the District Court's latitude does not extend to legal issues about what counts as an illicit motive. As indicated earlier, one such issue is embedded in the respondents' claim that the Government moved to enforce these summonses to gain an unfair advantage in Tax Court litigation. See *supra*, at 4. The Government responds, and the District Court agreed, that any such

purpose is irrelevant because "the validity of a summons is judged at the time" the IRS originally *issued* the summons, and here that preceded the Tax Court suit. Tr. of Oral Arg. 7; see Reply Brief 19–20; App. to Pet. for Cert. 15a. Similarly, with respect to the respondents' alternative theory, the Government briefly suggested at argument that issuing a summons because "a taxpayer declined to extend a statute of limitations would [not] be an improper purpose," even assuming that happened here. Tr. of Oral Arg. 6. We state no view on those issues; they are not within the question presented for our review. We note only that they are pure questions of law, so if they arise again on remand, the Court of Appeals has no cause to defer to the District Court. Cf. *Koon* v. *United States*, 518 U. S. 81, 100 (1996) ("A district court by definition abuses its discretion when it makes an error of law").

For these reasons, we vacate the judgment of the Court of Appeals and remand the case for further proceedings consistent with this opinion.

*It is so ordered.*

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## ORDER

November 29, 2017

| No. 17-2255 | UNITED STATES OF AMERICA,<br> Plaintiff - Appellee<br><br>v.<br><br>VICTOR M. CROWN, JR.,<br>Defendant - Appellant |
|---|---|

**Originating Case Information:**

District Court No: 1:14-cv-05402
Northern District of Illinois, Eastern Division
District Judge Jorge L. Alonso

The following are before the court:

1. **MOTION TO SUPPLEMENT THE RECORD AND RECONSIDER THE 11/01/2017 ORDER**, filed on November 6, 2017, by the pro se appellant.

2. **MOTION FOR PETITION FOR ENFORCEMENT OF AGENCY ORDER UNDER FRAP 15 (B); CIRCUIT RULE 3 (D)**, filed on November 13, 2017, by the pro se appellant.

3. **MOTION TO EXTEND AUTOMATIC STAY PURSUANT TO 11 USC 362 [LT ESTATE]**, filed on November 13, 2017, by the pro se appellant.

4. **MOTION TO IMPOSE AUTOMATIC STAY PURSUANT TO 11 USC 362 [FT ESTATE]**, filed on November 13, 2017, by the pro se appellant.

5. **MOTION FOR PETITION FOR ENFORCEMENT OF AGENCY ORDER UNDER FRAP 15(B); CIRCUIT RULE 3D**, filed on November 27, 2017, by the pro se appellant.

6. **MOTION FOR PETITION FOR ENFORCEMENT OF AGENCY ORDER UNDER FRAP 15(B); CIRCUIT RULE 3D**, filed on November 27, 2017, by the pro se appellant.

In light of this court's order dismissing this appeal for lack of jurisdiction, issued on November 27, 2017, these motions are filed without action.

**EXHIBIT – US SUPREME COURT DECISIONS**

**US SUPREME COURT – 1897 – Hovey v. Elliott [167 US 409] – due process – judicial history of the law concerning contempt of court** — A court possessing plenary power to punish for contempt, unlimited by statute, has no right to summon a defendant to answer, and then after obtaining jurisdiction by summons, refuse to allow party summoned to answer or strike his answer from the files, suppress testimony in his favor, and condemn him without consideration thereof and without a hearing, on theory that he was guilty of contempt of court.

In this case, DOJ attorney [Hussey-Scott] filed a legal motion to hold defendant [Victor Crown] in civil contempt after case was closed on 6-30-16; and after previously filing EX PARTE in breach of a US Supreme Court judgment entered on 7-21-14.   Atty. Hussey-Scott filed Ex Parte on **8-11-14** denied defendant a constitutional right to be heard – or to present any evidence and argument on the validity of petition which affects:   **[1] 6-16-14** order in Shakman federal case providing legal standing to award recipients [which includes Victor Crown] to file papers in District Court; **[2] 7-18-14** whistleblower award referral letter from IRS; **[3]** promulgation of IRS rule [IRM 4.23.17.5.2 [effective **02-26-2010**] establishing a "meet and confer" requirement for complaints affecting tax preparation; and **[4]** IRM 8.11.3 [effective **9-24-2013**] [implementation of judicial approach at IRS].

**US SUPREME COURT – 1957 – Lambert v. California [355 US 225 – defense of ignorance of the law when there is no legal notice.**   The court held that, when one is required to register one's presence, failure to register may only be punished when there is a probability that the accused party had knowledge of the law before committing the crime of failing to register.

In this case, DOJ and IRS both clearly knew about binding US Supreme Court legal precedent [affirming adversarial as opposed to Ex Parte  proceedings on 7-21-14] and the  effective date to implement IRS rules [legal notice] requirements [on 9-22-14],  yet were intentionally ignored by Hussey-Scott, Henline and Miller. The legal principle *ignorantia legis non excusat* applies – since Hussey-Scott, Henline and Miller are covered under legal precedents and IRS procedural rules and Hussey-Scott and DOJ are supposed to fully comply with, enforce and adhere to final rulings and decisions entered by US Supreme Court and 7th CirCA.

**US SUPREME COURT – 1964** – **United States v. Powell** [379 US 48](1964) which established factors [the Powell rules] which requires IRS to show: [a] that investigation is pursuant and relevant to a legitimate purpose; [b] that information is not already in the Commissioner's possession; [c] that Secretary or his delegate has determined that the further examination is necessary; and [4] that other administrative steps required by Code have been followed.

**US SUPREME COURT – 1971** – **Donaldson v. United States [400 US 517, 527 (1971)** affirming that judicial proceeding affecting enforcement of an IRS summons in District Court under 26 USC 7604[b] is not *ex parte* but *adversarial*; and that affected individuals are entitled to contest it in an enforcement proceeding [**United States v. Bisceglia** – 420 U.S. 141, 146 (1975). Atty. Hussey-Scott falsified the case record because I did have *legal standing* as Shakman award recipient to file in District Court after 6-12-14 hearing in ▮▮▮▮▮▮▮▮ NDIL.

**Atty. Hussey-Scott** then filed EX PARTE after IRS employee [Henline] had failed to comply with procedural rules [**IRM 4.23.17.5.2** - effective 2-26-10 – that created a judicial-style "meet and confer" requirement with IRS group manager] – for any tax preparer penalty appeal cases] and after "due process" rules on IRS correspondence [IRM 4.4.7 – effective **9-22-2014**] were being revised. Atty. Hussey-Scott failed to advise District Court about defendant [Victor M. Crown] status under IRS whistleblower rules taking effect on 8-12-14 and IRS summons was under **7-21-14** Supreme Court judgment on "good faith". Atty. Hussey-Scott also failed to advise District Court about defendant's affirmative legal rights in the Shakman federal case which provided legal right to file complaint until 12-16-14.

**US SUPREME COURT – 1983 - United States v. Whiting Pools, Inc. 462 US 198 (1983)** – property, whether tangible or intangible, levied upon pre-petition but not transferred before bankruptcy filing, is property of bankruptcy estate subject to turnover. Section 542 (a) of Bankruptcy Reform Act of 1978 (Act) requires entity, other than custodian, in possession of property of debtor that trustee in bankruptcy can use, sell, or lease to deliver that property to the trustee.

IRM 5.9.5.5 (2) – The Service must expeditiously initiate actions to correct violations of automatic stay upon becoming aware that a collection action violated the stay. By doing so, the Service protects rights of debtor and shields Service from a suit for damages.

[See IRM 5.9.5.8 – effective 8-17-2016] – release of levy filed pre-petition
[See IRM 5.9.5.9.1 – effective 8-17-2016] – NFTL lien in violation of stay.
[See IRM 5.17.8.26 - effective 04-24-2015 – trustee power to avoid preferences

5 Time Frame for Corrective Actions. Corrective actions must be initiated expeditiously when the Service becomes aware that a levy payment has been received after the filing of a bankruptcy petition. The payment will be returned expeditiously to either the trustee, debtor, or the debtor-in-possession per local guidelines using Form 5792 [Request for iDRS Generated Refund].

2. to qualify as a preference, a tax payment must: [a] be made while the taxpayer was insolvent; [b] be made on or within 90 days before the petition date; [c] be a payment outside the normal course of business and not made according to ordinary business terms; [d] be for an amount that is more than the creditor would have received in a Chapter 7 liquidation; and [e] be a payment on account of an antecedent debt (e.g., a late payment of tax).

**US SUPREME COURT – 1989 – United States v. Stuart** [489 US 353, 359 (1989) which affirmed that IRS "need only demonstrate good faith in issuing the summons" and adhering to or complying with Powell factors: [1] that the investigation will be conducted pursuant to a legitimate purpose; [2] that the inquiry may be relevant to that purpose; [3] that the information sought is not already within IRS possession, and [4] that the administrative steps [compliance with the rules] required by the [Internal Revenue] Code have been followed."

**US SUPREME COURT – 1996 – Koon v. United States [518 US 81, 100 (1996)** – "a District Court by definition abuses its discretion when it makes an error of law" – which can be applied to legal finding [determination] that legal motions filed by defendant after 6-30-2016 were "frivolous" when: [6] of them were in accord with District Court rules on privacy [LR 26.1]; [28] of them were in accord with US Supreme Court decisions affecting the legal sufficiency of tax preparer case; and any of the other, non-germane motions apply to allowable reimbursement under 26 USC 7430 which are covered under the 5-3-2007 executive committee order.

**US SUPREME COURT – 2014– United States v. Clarke** [573 US – decided 6-19-2014 which ruled that affected taxpayers can challenge IRS summons action in federal district court when they can show tax agency might have issued summons

in bad faith.  US v. Clarke et al, **US Supreme Court [No 13-301] [6-19-2014]**.  "A taxpayer has right to conduct examination of IRS officials regarding reasons for issuing summons when he points to specific facts or circumstances plausibly raising inference of bad faith and applied to IRS failure to comply with its own rules.  [Note:  the opinion in this case was/is subject to formal revision before publication in the preliminary print of the United States Reports.].

The decision entered in this case asserted that ". . .Congress made enforcement of an IRS summons contingent on a court's approval.  See 26 USC 7604(b).  And we have time and again stated that the requisite judicial proceeding is not EX PARTE but adversarial.  See **Donaldson v. United States**, 400 US 517, 527 (1971); Powell, 379 US at 58; Reisman, 375 US at 446. The summoned party must receive notice, and may present argument and evidence on all matters bearing on a summons's validity.  See Powell, 379 US at 58.    The entire proceeding then [to enforce an IRS summons in District Court was initiated in direct violation of a Supreme Court decision on 6-19-14 [un-published] which was decided 30 days before filing [docketing] of the tax preparer injunction case on  **7-18-14** against Appellant and a non-party defendant [Lourdes Theodossis Estate] that dormant. The tax preparer case was then developed into continuing illegality [saga] by DOJ [Hussey-Scott, Applegate] and IRS employees [Carver][Henline][Miller] with their failure to comply with 5th amendment  ["due process"] and IRS procedural rules.

This is then, an invited [manufactured] error that was created by DOJ illegality during the civil case, which does not leave Appellee legal options on this appeal since DOJ and IRS set up initial error at [District Court] and then waived defense at the 7th Circuit – at the same time IRS was failing to follow its own rules on required legal notices.  The District Court then perpetuated mistake by continuing [extending] filing restrictions and prolonging civil case after DOJ counsel admitted "error" on 8-1-17 and concealing the failure of IRS employee Shauna Henline [technical advisor] to comply with **IRM 4.23.17.5.2 [effective 02-26-2010]** [meet and confer] rules in tax preparer appeal case; **IRM 8.11.3 [effective 9-24-2013]** [with implementation of judicial approach - policy]; and **IRM 4.4.7 [effective 9-22-2014]** [correspondence and closing letters]; and the failure of IRS employee Rick Miller [revenue officer] to comply with IRM [bankruptcy] IRS employees are supposed to adhere to the IRS Code [procedural rules] but in my case they are systemically violating their own administrative manual by placing or setting $7.2

million in civil penalties from an "illegal" case filed by Obama DOJ in violation of a US Supreme Court judgment affecting "bad faith" entered on 7-21-2014.

DOJ attorneys are supposed to enforce Supreme Court decisions and legal mandates entered by the 7th Circuit Court of Appeals – not violate them.

**26 USC 7604 (b)** – enforcement of summons – is required to be conducted in an adversarial proceeding – which means the [DOJ/IRS] summons is improper [illegal] if it was obtained after EX PARTE proceeding – since the defendant [Victor M. Crown] can establish "bad faith" by IRS failing to comply with its own rules [Powell factors] and failure to adhere to **IRM 4.23.17.5.2 [effective 02-26-2010]**

[In USA v. Victor Crown] – IRS employee [Henline] intentionally acted in "bad faith" by failing to comply with agency rules affecting tax preparer penalty cases] and DOJ obstructed an evidentiary hearing [in civil/criminal case] to establish the motivation of IRS employees by unethical EX PARTE legal motion on 8-11-14. The **Ex Parte** filing created a "due process" violation under **Hovey v. Elliott [1897]** since DOJ failed to inform district judge that: [a] the IRS employee involved in case failed to comply with IRS "due process" rules [Henline]; [b] at least 3 IRS employees intentionally violated EX PARTE rules after 9-18-13; [c] another IRS revenue officer violated IRS rules on collection [Miller]; and [d] that the EX PARTE hearing request may have been filed in order to prevent defendant from exercising administrative appeal rights under IRS rules [**IRM 4.4.7 – effective 9-22-14**] and proving up a breach of Administrative Procedure Act on IRS waivers provided on 1-31-13 [2012] and 2-27-14 [2013] to prepare tax returns and obtain financial judgments for 3rd party defendant [Lourdes Theodossis Estate] that had been legally severed from civil case under 11-1-13 IRS letter by Shauna Henline.

The petitioner [Victor M. Crown] then has a legal right to ask District Court to adhere to legal doctrine of ***STARE DECESIS*** and precedents set by **US Supreme Court** and to establish intentional "bad faith" by Department of Justice in the tax preparer case and assert a "non-frivolous" basis for 37 motions filed in District Court after **6-30-2016** that were considered "frivolous" by Chief Judge Castillo and legal motions on enforcement covered under 5-3-07 Executive Committee order.

EXHIBIT

The 7th Circuit CA panel and the District Court is then advised that IRS has now issued interim rules affecting abatement of interest which would be under the legal jurisdiction of United States Tax Court which took legal effect on 3-26-2018.

INTERIM RULES – UNITED STATES TAX COURT

[#2] [petition] (simplified form) [Notice of Final Determination Not to Abate Interest] [under IRC Code Section 6404 [h].

[#13] [jurisdiction] – continuation of proceedings under [11 USC 362 (a)(8) and IRS Code sections 6015 (c)(6), 6213 (f)(1) and 6330 (d)(2).

[#143] [evidence] – rules of evidence under Federal Rules of Evidence and IRS Code sections 7453 which apply to issue of a party's entitlement to reasonable litigation or administrative costs.

[#280] [Actions for Review of Failure to Abate Interest]

[#281] [Commencement of Action for Review of Failure to Abate Interest]

## EXHIBIT – FEDERAL LAW

**26 USC 7604 (b)** – enforcement of summons – is required to be conducted in an adversarial proceeding – which means the [DOJ/IRS] summons is improper [illegal] if obtained after EX PARTE proceeding – since defendant [Victor M. Crown] can establish "bad faith" by IRS failing to comply with its own rules [Powell factors] and failure to adhere to **IRM 4.23.17.5.2 [effective 02-26-2010]** [In USA v. Victor Crown] – because IRS employee [Henline] intentionally acted in "bad faith" by failing to comply with rules affecting tax preparer penalty cases] and DOJ obstructed an evidentiary hearing [in civil/criminal case] to establish motivation of IRS employees benefiting from illegal EX PARTE motion of 8-11-14.

The **Ex Parte** filing created a "due process" violation under **Hovey v. Elliott [1897]** since DOJ failed to inform district judge that: [a] the IRS employee involved in case failed to comply with IRS "due process" rules [Henline]; [b] at least 3 IRS employees intentionally violated EX PARTE rules after 9-18-13; [c] another IRS revenue officer violated IRS rules on collection [Miller]; and [d] the EX PARTE hearing request could have been filed in order to prevent defendant from exercising administrative appeal rights under IRS rules [**IRM 4.4.7 – effective 9-22-14**] and proving up a breach of Administrative Procedure Act on IRS waivers provided on 1-31-13 [2012] and 2-27-14 [2013] to prepare tax returns and obtain financial judgments for 3rd party defendant [Lourdes Theodossis Estate] that had been legally severed from civil case under 11-1-13 IRS letter by Shauna Henline.

NON-FRIVOLOUS MOTIONS filed after 6-30-2016 –
[#265] – motion by defendant for miscellaneous relief
[#269} – emergency motion to strike legal affidavit
[#270] – emergency motion to strike legal affidavit
[#271] – motion to enforce general order [BILL OF COSTS] – county eviction

NON-FRIVOLOUS MOTIONS filed after 1-4-2017 [automatic stay] [#272] [#273] [#274] [#275] [#284] [#286] [#287] [#291]

DESTROYED DOCUMENTS filed after 7-28-2017 order affirming that that tax preparer case was decided in favor of Appellant in Case 17-2198 at the 7th Circuit Court of Appeals.
9-26-2017 – BILL OF COSTS
10-5-2017 – ETHICS STATEMENT
10-6-2017 – RETURN OF DOCUMENTS
3-16-2017 – RETURN OF DOCUMENTS